The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| LINDA K. BURRAGE, | ) | CASE NO. 03-66692 |
| | ) | |
| Debtor. | ) | ADV. NO. 08-6091 |
| | ) | |
| LINDA K. BURRAGE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| HOMECOMINGS FINANCIAL | ) | **PUBLICATION)** |
| NETWORK, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 3, 2010, Attorney JoAnn P. Hoard, counsel for plaintiff-debtor Linda K. Burrage, filed an amended motion to withdraw as counsel. Plaintiff-debtor opposed withdrawal and filed responses on June 22, 2010 and July 13, 2010. The court conducted a hearing on July 21, 2010, attended by JoAnn P. Hoard, Linda K. Burrage, and Joel E. Sechler, counsel for Defendant Homecomings Financial Network, Inc.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is

1

proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

In 2003, Debtor filed a chapter 13 petition and was represented by attorney John C. O'Donnell. Debtor's plan, confirmed on April 22, 2004, proposed to cure the mortgage default and maintain regular monthly payments on the mortgage, in addition to providing a distribution to other creditors. On October 16, 2007, the court entered an order declaring Debtor's mortgage current. Debtor received a discharge on November 14, 2007. The case was subsequently closed.

On February 12, 2008, Debtor, represented by attorney Deborah L. Mack, filed a motion to reopen her case. After the case was reopened, Debtor instituted this adversary proceeding with the filing of a complaint on August 8, 2008. The complaint contained seven counts, all arising from defendants' alleged failure to treat her mortgage as current pursuant to the court order.

On April 1, 2009, Attorney Deborah L. Mack moved to withdraw as counsel for debtor, alleging that her client was not satisfied with her services and had contacted the court contending Ms. Mack was unprofessional and unethical. The motion was granted, without objection, on April 30, 2009. On April 28, 2009, Morris Laatsch entered an appearance on behalf of debtor. On October 6, 2009, he filed a motion to withdraw as counsel. The breakdown in the relationship occurred when he believed he had authority to settle the matter, submitted a proposal to opposing counsel, only to have his client object. Debtor filed a response to his motion to withdraw. Subsequently, JoAnn P. Hoard entered a notice of appearance on Debtor's behalf, dated November 4, 2009. The court thereafter granted Mr. Laatsch's motion to withdraw.

Ms. Hoard filed an amended motion with withdraw as counsel on June 3, 2010, alleging her client found her representation to be "inadequate." Ms. Hoard alleges that Debtor frequently changes her mind and is uncooperative. Debtor responded. It is apparent from her response that communication problems exist between she and Ms. Hoard. However, Debtor does not consent to the withdrawal.

At the hearing on July 21, 2010, Debtor informed the court she had an appointment with counsel on July 23, 2010. Debtor was instructed to contact the court following the appointment to advise the court if she was able to obtain alternate representation. Debtor complied, informing the court counsel would not agree to represent her in this matter.

2

## LAW AND ANALYSIS

The local civil rules for the Northern District of Ohio, which sets the admission standards for attorneys in the district, provide that when counsel seeks to withdraw:

> The attorney of record may not withdraw, nor may any other attorney file an appearance as a substitute for the attorney of record, without first providing written notice to the client and all other parties and obtaining leave of Court. Attorneys from the same firm may file and serve a notice of appearance or substitution for the attorney of record without obtaining leave of Court.

Loc. Civ. R. 83.9. It is clear from the record that written notice was provided Debtor. First, the amended motion to withdraw was served on Debtor. Second, Debtor admits that Ms. Hoard wanted her to sign a document authorizing the withdrawal, which Debtor refused. (Debtor's First Resp., p. 1).

The decision to grant or deny a motion to withdraw as counsel is within the discretion of the court. U.S. Sec. and Exch. Comm'n v. Merklinger, 2009 WL 3498721 (E.D. Mich. 2009) (unpublished) (citing U.S. v. Iles, 906 F.2d 1122, 1130 n. 8 (6th Cir. 1990)). Merklinger suggests four considerations a court should examine in determining a motion to withdraw:

> (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice.

Merklinger at *2 (citing U.S. v. Mack, 258 F.3d 548, 556 (6th Cir. 2001)). The court finds application of those factors awkward on these facts. The four considerations have generally been applied in the context of withdrawal of defense counsel for indigents in criminal cases. *See, e.g.,* Mack, 258 F.3d 548; U.S. v. Vasquez, 560 F.3d 461 (6th Cir. 2009). Consequently, it is not particularly useful in this context.

Attorneys admitted to the bar in the State of Ohio are governed by the Ohio Rules of Professional Conduct, (hereafter "Rules") adopted by the Ohio Supreme Court on February 1, 2007. Rule 1.16(b) of the Ohio Rules of Professional Conduct outlines when an attorney may withdraw from representation and is useful as a guide on the present facts. The rule provides:

3

(b) Subject to divisions (c), (d), and (e) of this rule, a lawyer may withdraw from the representation of a client if any of the following applies:

    (1) withdrawal can be accomplished without material adverse effect on the interests of a client;

    (2) the client persists in a course of action involving the lawyer's services that the lawyer *reasonably believes* is *illegal* or *fraudulent*;

    (3) the client has used the lawyer's services to perpetrate a crime or *fraud*;

    (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

    (5) the client fails *substantially* to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given *reasonable* warning that the lawyer will withdraw unless the obligation is fulfilled;

    (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

    (7) the client gives *informed consent* to the termination of the representation;

    (8) the lawyer sells the law practice in accordance with Rule 1.17;

    (9) other good cause for withdrawal exists.

Based on the information provided in the motion and Debtor's responses, the court finds several grounds to grant the motion to withdraw. First, with Ms. Hoard's cooperation, the withdrawal can be accomplished without material adverse effect on Debtor under 1.16(b)(1). Although a trial is scheduled in September, defendant filed a motion requesting a brief continuance of the trial. A continuance would provide Debtor additional time to collect her

4

client file and attempt to obtain alternate counsel.

Under prong (6), there are grounds to find that representation has been rendered unreasonably difficult by Debtor. Ms. Hoard also claims Debtor "repeatedly changes her mind regarding settlement/discovery issues for trial and refuses to cooperate regarding legal and professional issues." (Am. M. Withdraw, p. 1.) The court takes note that this is a similar problem identified by Mr. Laatsch in his motion to withdraw. It is also evident in two exhibits attached to Debtor's first response to the motion to dismiss. (Debtor's First Resp., Exh. A and Exh. B.) In the letters, dated two weeks apart in March 2010, Debtor outlines her demand, which changes over the course of the two weeks. A catalyst for the change in demand is not evident. At the time Debtor wrote the letters, the case had been pending for over eighteen months – more than ample time to determine the demands.

Finally, there are multiple items which could support withdrawal under 1.16(b)(9). Ms. Hoard cites irreconcilable differences generally and also claims her client finds her "to be inadequate in her representation." (Am. M. Withdraw, p. 1). This is confirmed by Debtor, who states that "I am too busy and I should not have to come to your office without an appointment because your work is inadequate." (Debtor's First Response to Am. M. Dism., Exh. G.) The loss of a client's confidence is a severe impediment to a successful attorney-client relationship.

In turn, Debtor alleges that Ms. Hoard "treats people differently according to their social economic status." (Debtor's First Resp. to Am. M. Withdraw, p. 1). She alleges Ms. Hoard and counsel for defendant extended this case when she "requested they settle the case." (Id. at 2). Ms. Hoard states that Debtor either "misunderstand[s her] or refuse[s] to cooperate." (Debtor's First Response, Exh. H.) There is clearly a break-down in communication between Debtor and her counsel. Review of Debtor's responses, and the attached exhibits, suggests there is also confusion about the fee agreement and fees charged and whether Ms. Hoard was to represent Debtor in court.

The sum of these problems in the attorney-client relationship between Ms. Hoard and Debtor indicate that withdrawal should be permitted. It is an undesirable result. First, Debtor does not actually oppose withdrawal and admits she refused to sign a document allowing Ms. Hoard to withdraw. Also, Debtor has not been able to retain other counsel and it is possible that she will end up proceeding *pro se*. The court has no confidence that Debtor is prepared to represent herself in this matter. However, in spite of these facts, when the attorney-client relationship appears irreversibly broken, it is not in the best interest of the parties to force a non-working relationship. Consequently, the court finds the motion to withdraw to be well-taken.

Attorney Hoard is instructed to assure that Debtor has a complete copy of her file and to cooperate with any reasonable requests from future counsel. Unless counsel is obtained, Debtor is deemed to be representing herself *pro se*. Attached is the court's notice to *pro se* litigants.

An order granting the motion shall be entered immediately.

# # #

**Service List:**

JoAnn P Hoard
One Marion Avenue, Suite 103
Mansfield, OH 44903

Joel Everett Sechler
Carpenter & Lipps, LLP
280 North High Street
280 Plaza Suite 1300
Columbus, OH 43215

Linda K. Burrage
320 Home Ave.
Mansfield, OH 44902